This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 30,904**

**JOHN HIGGINS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jeff Romero
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals the district court's decision to affirm his convictions for aggravated DWI and driving without a license.  We proposed to affirm in a calendar

notice, and Defendant responded with a memorandum in opposition. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant continues to claim that officers lacked probable cause to arrest him and alleges that there was nothing to show that the officers had information that placed him behind the wheel of the car at the time of the accident. Defendant alleges that there were conflicts and contradictions in the evidence that cast doubt on the testimony presented in favor of a finding of probable cause. We review the trial court's legal conclusions de novo, we defer to the trial court's findings of fact, and our review is limited to whether there was substantial evidence to support the factual findings. *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 7, 143 N.M. 455, 176 P.3d 1187.

As we stated in our calendar notice, "Probable cause exists when the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that an offense has been, or is being, committed." *State v. Duffy*, 1998-NMSC-014, ¶ 69, 126 N.M. 132, 967 P.2d 807 (internal quotation marks and citation omitted), *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, ¶ 17, 141 N.M. 185, 152 P.3d 828. The arresting officer must "perceive through his or her senses" that an offense has been committed and must have reasonable grounds to

"infer" that a suspect committed an unlawful act. *State v. Salas*, 1999-NMCA-099, ¶ 10, 127 N.M. 686, 986 P.2d 482. Reasonableness is judged under an objective standard. *Id.* ¶ 18. Probable cause requires more than a suspicion, but less than a certainty, and a reasonable officer must have information that the offense probably existed, not that it positively existed. *Id.*

Defendant claims that the officers did not actually hear the 911 calls, but only heard what was relayed to them by the dispatch operator. Defendant also contends that the information in the CADS reports, which are "authored" by the 911 operators and dispatch operators, does not place Defendant behind the wheel of the vehicle at the time of the accident. [MIO 5; RP 740] The district court explained that a CADS report includes only a shorthand form or summary of the information that is broadcast by the dispatch operator. [RP 740] In other words, the findings of the district court indicate that the CADS report does not provide all of the information relayed by the dispatch operator. The testimony from Officer Chavez was that dispatch "had relayed a 911 caller's description" of a man "'from the vehicle' involved in a traffic accident" that occurred in the area of the accident in this case. [RP 738] Officers were directed to the area by dispatch and they found a man fitting the description about 150 yards from the location of the accident. [RP 739] Officer Chavez testified that, prior to arresting Defendant, he was aware that another 911 caller saw a person who matched

3

the description that had been broadcast by dispatch, and the caller had seen the person walking in the area where Defendant was found by the officers. [RP 741] The officers discovered that the vehicle involved in the accident was registered to "John W. Higgins." [RP 739] The trial court was presented with evidence based on the officers' knowledge, as perceived through their senses at the time of arrest, and based on the reasonably trustworthy information the officers received. From that evidence, there existed reasonable grounds for the officers to "infer" that Defendant was driving the vehicle at the time of the accident. This was sufficient to give the officers probable cause to arrest Defendant.

Defendant claims that the district court abused its discretion by denying his motion to dismiss for lack of probable cause and in failing to suppress evidence obtained as a result of his arrest. Defendant claims that Officer Chavez referred to "different versions" when explaining why he had probable cause to arrest Defendant. According to Defendant, Officer Chavez "swore" in a revocation notice that one witness saw Defendant driving the vehicle; testified that he was told by other officers that Defendant was driving, but the other officers contradicted that testimony; and admitted that, at the time of arrest, he had not spoken to anyone that placed Defendant behind the wheel. Even if we accept Defendant's challenge of the testimony of Officer Chavez, as discussed above, there was evidence accepted by the trial court to

4

support the determination that the officers' knowledge and information at the time of Defendant's arrest provided probable cause for the arrest.

Defendant again claims that the in-court identification of Defendant by one of the witnesses should have been suppressed because the identification was impacted by the news coverage of the accident. Defendant suggests that the description of Defendant and his movements were contradicted, and that the description given by the witness became more elaborate over time. As discussed in our calendar notice, when conflicting testimony is presented with respect to a suppression motion, the credibility of the witness is for the trial court to determine. Based on the totality of the circumstances, we hold that the trial court did not err in refusing to believe that the testimony of the witness was influenced by news coverage. *Cf. State v. Jacobs*, 2000-NMSC-026, ¶ 31, 129 N.M. 448, 10 P.3d 127 (viewing the totality of the circumstances to determine whether in-court identification is tainted and inadmissible).

Defendant again claims that the prosecutor commented on Defendant's silence during the closing statement, and that the comment resulted in fundamental error. Defendant argues that "in light of conflicting evidence," the comment "had to be a significant factor" in the decision rendered by the jury. [MIO 25] As discussed in our calendar notice, fundamental error results when there is a "reasonable probability" that

a prosecutor's comments were a significant factor during deliberations when compared to other evidence that was before the jury. *State v. Sosa*, 2009-NMSC-056, ¶ 35, 147 N.M. 351, 223 P.3d 348. Fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633. As we explained in our notice, given the evidence presented to the trial court, this is not a case in which Defendant is indisputably innocent. Defendant has not established that the comments amounted to fundamental error.

**Motion to Amend**

Defendant moves to amend his docketing statement. However, Defendant does not provide specific information about the issues he wishes to add to the docketing statement. We therefore address those issues that were not raised in the docketing statement. We will deny a motion to amend the docketing statement when the issues and argument offered in support of the issues are not viable. *State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994).

Defendant refers to "part" of the trial court's basis for denying his motion to dismiss, and claims that the trial court erroneously relied on the "subjective beliefs" of the officers when making its decision. There is nothing to show that this specific

issue was properly preserved. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that, in order to preserve an issue for appeal, defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). In addition, as discussed in this opinion, there was evidence that the officers relied on perceptions and reasonably trustworthy information to deduce that Defendant was driving the vehicle involved in the accident.

Defendant claims that the trial court failed to make findings on Defendant's motions for change of venue. Defendant contends that this resulted in the denial of a "statutorily created procedural right." [MIO 21] There is nothing to show that this argument was made to the trial court. *See id.* Moreover, the documents filed in the record proper indicate that the trial court made numerous findings explaining why it denied the motions for change of venue. [RP 358-63]

We hold that the issues raised in Defendant's motion to amend are not viable, and we therefore deny the motion to amend the docketing statement.

For the reasons discussed above and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

7

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**