This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 32,032**

**MERVYN AYLESBURY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant-Appellant Mervyn Aylesbury (Defendant) appeals his conviction for driving while intoxicated (DWI). We issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Defendant has raised two issues, challenging both the existence of probable cause to arrest, and the sufficiency of the evidence to support the conviction. We briefly address each in turn.

With respect to the question of probable cause, Defendant acknowledges the numerous indica of intoxication that were presented in this case, including weaving while driving, his admission that he had been drinking, difficulty handing over all requested documents, odor of alcohol, bloodshot watery eyes, slurred speech, and numerous failed field sobriety tests. [MIO 15] As we observed in the notice of proposed summary disposition, our authorities indicate that evidence of this nature supplies probable cause. *See, e.g., State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform field sobriety tests supported an objectively reasonable belief that the defendant had been driving while intoxicated, and thus constituted probable cause to arrest); *State v. Ruiz*, 120 N.M. 534, 535, 540, 903 P.2d 845, 846, 851 (Ct. App. 1995) (holding that probable cause existed where

police observed the defendant speeding and weaving, where the defendant admitted to having been drinking, when the officer noticed bloodshot, watery eyes, slurred speech, and a smell of alcohol, and when the results of the field sobriety tests were mixed), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 173, 160 P.3d 894; *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI when the officer noticed bloodshot, watery eyes, slurred speech, and a strong odor of alcohol, when the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and failed the field sobriety tests).

In his memorandum in opposition Defendant continues to argue that the foregoing evidence should be deemed insufficient because his appearance and conduct could have been influenced by surrounding circumstances, including the distractions caused by a cell phone and a dog inside the vehicle, as well as Defendant's emotionally distraught condition. [MIO 15-16] He also takes issue with the probative value of the field sobriety tests. [MIO 16-17] However, as we previously observed, the fact that various indicia of intoxication *might* have been the product of benign circumstance does not diminish their capacity to establish probable cause, particularly in light of the authorities previously cited. Accordingly, we reject Defendant's first assertion of error.

Defendant also renews his challenge to the sufficiency of the evidence to support his conviction for DWI pursuant to the per se DWI statue. [MIO 18-21] *See* NMSA 1978, § 66-8-102(C)(1) (2008) (amended 2010). As previously described, the State introduced evidence including the officers' observations about Defendant's weaving, difficulty producing requested documents, admission to drinking, the odor of alcohol, bloodshot watery eyes, and slurred speech, and Defendant's failure to satisfactorily perform field sobriety tests. [MIO 18] The State also introduced the results of Defendant's BAC tests, which registered as 0.10 and 0.11. [MIO 18] Similar evidence has been deemed sufficient to support DWI convictions in the past. *See, e.g., State v. Duarte*, 2007-NMCA-012, ¶¶ 2, 11, 140 N.M. 930, 149 P.3d 1027 (holding in a DWI case that the evidence of guilt was strong, based upon odor of alcohol, bloodshot watery eyes, admission to drinking, unsatisfactory field sobriety test performance, and BAC test results of 0.13). Because we perceive no basis for arriving at a different result in this case, we therefore conclude that the State's evidence was sufficient to support Defendant's conviction.

In his memorandum in opposition Defendant appears to take issue with the weight of the evidence, contending that in light of countervailing circumstances, such as the various considerations previously mentioned in relation to the question of

4

probable cause, the State should not be said to have met its burden of proof. [MIO 18-21] However, as we previously observed, this Court cannot reweigh the evidence. *See generally State v. Mora,* 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds as recognized by Kersey v. Hatch,* 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

Accordingly, for the reasons stated, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**