This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                            NO.   33,061

**LINDA VALLEJOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana Zamora, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}	Linda Vallejos (Defendant) appeals from the district court's judgment affirming her convictions for DWI and failure to maintain lane following an on-record appeal. [DS 1, RP 160] We issued a notice proposing to summarily affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and affirm.

**I.	DISCUSSION**

**A.	Probable Cause**

{2}	Defendant continues to argue that her convictions should be reversed because she was arrested without probable cause. [MIO 10] In our notice, we proposed to conclude that the facts and circumstances within the arresting officer's knowledge were sufficient for him to reasonably believe that Defendant had been driving while intoxicated. In her memorandum in opposition, Defendant contends "[t]he lower courts erred in finding that the [field sobriety tests] gave [the arresting officer] probable cause to arrest [Defendant]." [MIO 11] She argues that the DWI investigation "only showed that [she] had some difficulty balancing" and that "[i]t is commonly known and obvious that balancing problems can result from many other causes [apart from intoxication]." [MIO 11, 12]

{3}	As we stated in our notice, the field sobriety tests were not the only evidence that Defendant was driving while intoxicated. The district court concluded that

probable cause existed because Defendant "displayed erratic driving, had bloodshot and watery eyes, smelled of alcohol, admitted to drinking alcohol, and had difficulty with balance and following instructions while performing the [field sobriety tests]." [RP 152] Defendant does not contest these facts in her memorandum in opposition and, to the contrary, describes in detail the evidence that supports these factual findings. [MIO 1-10] While Defendant may have argued that the evidence showed only that she had trouble balancing, we defer to the district court's factual findings. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 7, 143 N.M. 455, 176 P.3d 1187 (stating that, in reviewing probable cause determination, "[o]ur review of factual determinations is limited to determining whether there was substantial evidence to justify a warrantless arrest" (internal quotation marks and citation omitted)).

**B.      Sufficiency of the Evidence**

{4}      Defendant also continues to argue that her DWI conviction should be reversed because there was insufficient evidence of impairment and insufficient evidence of her breath alcohol content (BAC). [MIO 14, 15] With respect to impairment, she contends that neither the officer's observations, nor her performance on the field sobriety tests, provide substantial evidence of intoxication. [MIO 14] She notes that the officer who stopped her vehicle testified that she was a "perfect lady." [MIO 15] However, Defendant fails to mention that this officer also testified that he observed

Defendant straddling the lane line and that she had bloodshot and watery eyes, slurred speech, and smelled of alcohol.  [MIO 15]

{5}     With respect to her BAC, Defendant argues that, without citing any authority, the evidence supports an inference that her BAC was closer to .06 than .09.  [MIO 16] While this inference may have been permissible, our task is to "indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary."  *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).  In light of our standard of review, we conclude that the evidence was sufficient to support Defendant's DWI conviction.

**II.     CONCLUSION**

{6}     For the reasons stated above and in our previous notice, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**