This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO.  33,305**

**BRENT R. LAVIGNE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Sanchez, Mowrer & Desiderio, PC
Frederick M. Mowrer
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     Brent Lavigne (Defendant) appeals from the district court's affirmance of his convictions for careless driving and DWI per se based on his breath test results. [RP 182]   Our notice proposed to affirm, and Defendant filed a memorandum in opposition.  We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     As an initial matter, we comment on defense counsel's failure to designate the issues in his memorandum in opposition consistent with his designation of the issues in his docketing statement and in our notice.  In any future pleadings counsel may file in this Court on the summary calendar, we request that he maintain consistency in his designation of the issues. In this Opinion, for consistency and clarity, we designate the issues consistent with the docketing statement and calendar notice.

{3}     In Issue I, Defendant argues that he was subjected to a de facto arrest.  [DS 4; RP 175] Defendant does not challenge our notice's proposed resolution of this issue. *See Frick v. Veazey*, 1993-NMCA-119, ¶ 3, 116 N.M. 246, 861 P.2d 287 (providing that failure to respond to a calendar notice constitutes acceptance of the proposed disposition).  Therefore, for the reasons extensively detailed in our notice, we affirm.

{4}     In Issue II, Defendant continues to argue that the district court "erred in delivering a guilty verdict for DWI per se when she found that . . . [D]efendant was not guilty of driving under the influence to the slightest degree and had serious doubts about the sufficiency of the evidence to support probable cause [of driving while

2

under the influence of alcohol to the slightest degree]." [DS 4; MIO 2, 8] As provided in our notice, Sergeant Molander observed Defendant driving and Defendant's breath test results were .12 and .12. [RP 175] We conclude that these facts support Defendant's conviction for DWI per se. *See* NMSA 1978, § 66-8-102(C)(1) (2010) (making it a criminal offense for "a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle"). Whether or not the facts support a finding that Defendant was driving while under the influence to the slightest degree [DS 3, 4; MIO 10-11] is not determinative given his conviction for DWI per se.

{5}     In Issue III (designated as Issue I in the memorandum in opposition), Defendant continues to argue that the State failed to lay a proper foundation for Officer Frazier's testimony on Defendant's field sobriety tests. [DS 4; MIO 1-2, 3, 7] In doing so, Defendant asserts that the admission of Officer Frazier's testimony did not satisfy the requirements set forth in *State v. Alberico*, 1993-NMSC-047, ¶¶ 46-55, 116 N.M. 156, 861 P.2d 192 (adopting factors set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) for evaluating the admissibility of expert testimony involving scientific evidence). [MIO 4] Defendant's reliance on the *Daubert/Alberico* standards is misguided because, apart from the Horizontal Gaze Nystagmus (HGN) test, field

sobriety tests are not the product of scientific evidence. *Cf. State v. Torres*, 1999-NMSC, ¶ 31, 33-34, 127 N.M. 20, 976 P.2d 20 (holding that the HGN test requires scientific knowledge and requiring reliable scientific evidence and testimony concerning the results for their admission into evidence). In the present case, other than relate that Defendant swayed during the HGN test, [RP 172] Officer Frazier did not testify as to the results of the HGN testing. Moreover, the district court did not rely on the HGN testing when relating the officers's observations and concluding that they were properly admitted. [RP 179] We further conclude that Defendant's analogy to *State v. Aleman*, 2008-NMCA-137, 145 N.M. 79, 194 P.3d 110, is misguided [MIO 4-5] because *Aleman* addresses the admissibility of testimony based upon the DRE protocol, *id*. ¶ 18, as opposed to an officer's observations of a suspect's performance on field sobriety tests.

{6}     While field sobriety tests are the product of an officer's specialized knowledge and training for purposes of administering field sobriety tests, *see State v. Castaneda*, 2001-NMCA-052, ¶ 31, 130 N.M. 679, 30 P.3d 368, an officer is not precluded, as the officer did in the present case, [MIO 7; RP 174, 170] from testifying about his or her observations of a suspect's performance on the field sobriety tests. *See, e.g., Torres*, 1999-NMSC-010, ¶ 31 (recognizing that a defendant's performance on motor skills exercises is one of the self-explanatory tests that reveal common physical manifestations of intoxication); *see also State v. Neal*, 2008-NMCA-008, ¶ 27, 143

4

N.M. 341, 176 P.3d 330 (recognizing that the fact-finder could rely on common knowledge and experience to determine whether the defendant was under the influence of alcohol when considering the testimony as to the defendant's driving behavior, physical condition, admission of drinking, and performance on the field sobriety tests).

{7}     We further acknowledge Defendant's argument that the officer could not properly opine about the results of the field sobriety tests for the purpose of proving the specific blood alcohol content of a driver charged with DWI.  [MIO 6]  *See generally State v. Marquez*, 2009-NMSC-055, ¶ 18, 147 N.M. 386, 223 P.3d 931 (recognizing that the officer's testimony which correlated the defendant's performance on the field sobriety tests with a ninety percent statistical probability of a BAC at or above the legal limit was wrongfully admitted as scientific evidence without first qualifying the officer as an expert and establishing the evidentiary reliability of the scientific knowledge), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, 275 P.3d 110.  However, in the present case the officer did not assign any type of score to the results of the field sobriety tests or testify as to any statistical correlation between Defendant's performance on the tests and the likelihood of a particular breath alcohol content score.  [RP 174, 178]  Instead, the officer testified as to his observations of Defendant's performance on the field sobriety tests, and the district court relied on these observations to conclude that the officer had probable

5

cause to arrest. [MIO 7, 12; RP 174, 179] *See, e.g.*, *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform field sobriety tests supported an objectively reasonable belief that the defendant had been driving while intoxicated, and thus constituted probable cause to arrest). And lastly, to the extent Defendant attacks the efficacy of field sobriety tests in general to show that a driver may be too impaired to drive, [MIO 6], again, we note that case law considers a driver's performance on field sobriety tests as generic evidence that is relevant to a driver's impairment even if it is not a definitive measure. *See, e.g., State v. Lasworth*, 2002-NMCA-029, ¶ 14, 131 N.M. 739, 42 P.3d 844. We affirm.

{8}     In conclusion, for the reasons set forth above and in our notice, we affirm.

{9}     **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

6

_____

**MICHAEL D. BUSTAMANTE, Judge**