This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                      **No. 33,665**

**AMANDA PERKINS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}    Defendant has appealed her conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction.

Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Because the pertinent background information and applicable principles were previously set out at some length in the notice of proposed summary disposition, we will avoid unnecessary repetition here and instead focus on the content of the memorandum in opposition.

{3} First, Defendant renews her argument that the traffic stop which led to her arrest and conviction was not supported by reasonable suspicion. [DS 6-9] As we previously observed, the officer who initiated the stop testified that he saw Defendant execute an illegal U-turn. [DS 2] This supplies a valid basis for the stop. *See, e.g., State v. Hubble*, 2009-NMSC-014, ¶¶ 2, 34-35, 146 N.M. 70, 206 P.3d 579 (holding that a traffic stop was supported by reasonable suspicion based on the officer's observation of an illegal turn). In her memorandum in opposition, Defendant continues to assert that the officer was in error, contending that U-turns were not prohibited in the location in question. [MIO 8-9] However, the officer's testimony directly conflicted with Defendant's, and he specifically disputed the accuracy of the photographic evidence presented by the defense. [RP 77] The district court resolved this factual dispute in the State's favor. [RP 78] We cannot second-guess this determination. *See State v. Walters*, 1997-NMCA-013, ¶ 24, 123 N.M. 88, 934 P.2d 282 ("When the

testimony of the witnesses differs as to the facts, it is for the trial court to evaluate the credibility of the evidence and resolve the conflicts."). Defendant acknowledges this in her memorandum in opposition. [MIO 7] However, she suggests that "the testimony is so conflicted that it is impossible to make reasonable inferences" in support of the existence of reasonable suspicion. [MIO 7] We disagree. Trial courts, as finders of fact, are routinely called upon to resolve disputes based upon their assessments of witness credibility. We perceive nothing about this case to prevent the district court from performing this function, and determining as it did that the State's evidence was more compelling. *See generally State v. Fierro*, 2014-NMCA-004, ¶ 40, 315 P.3d 319 ("We emphasize that the finder of fact, not an appellate court, must reconcile any conflicts in the evidence and determine where truth and credibility lies. The fact finder can choose to believe the [s]tate's testimony and disbelieve [the d]efendant's version of events."). We therefore reject Defendant's first assertion of error.

**{4}** Second, Defendant renews her argument that the officer lacked probable cause to arrest. [MIO 9-12] As previously mentioned the State presented evidence that the officer observed Defendant executing an illegal U-turn. In the course of the ensuing traffic stop and investigation the officer observed a number of indicia of intoxication including bloodshot watery eyes, heavy odor of alcohol, admission to having consumed alcohol, and poor performance on a variety of field sobriety tests. Such

observations are sufficient to satisfy the probable cause requirement. [DS 3-6] *See, e.g., Schuster v. State Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's bloodshot watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests); *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that an officer had probable cause to arrest for DWI where the defendant smelled of alcohol, was unsteady on his feet, and did not perform field sobriety tests well). In her memorandum in opposition Defendant contends that the foregoing considerations should not be deemed sufficient to give rise to probable cause to arrest, in light of her compliance with many of the officer's instructions as well as the existence of alternative explanations for certain aspects of the behavioral evidence. [MIO 10-12]  However, "[a]n appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314; *see, e.g.*, *State v. Marquez*, 2009-NMSC-055, ¶ 17, 147 N.M. 386, 223 P.3d 931 (rejecting a challenge to the sufficiency of the evidence to support a conviction for DWI, based on the defendant's claims that the evidence was "equally consistent with not being impaired"), *overruled on other grounds by State*

*v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. We therefore reject Defendant's argument.

{5}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**J. MILES HANISEE, Judge**