2008-NMCA-021

176 P.3d 1187

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Ivan GRANILLO–MACIAS, Jr.,**
**Defendant–Appellant.**

No. 26,156.

Court of Appeals of New Mexico.

Dec. 20, 2007.

Certiorari Denied, Feb. 1, 2008, No. 30,859.

**456**

Gary K. King, Attorney General, Santa Fe, NM, Jacqueline R. Medina, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Santa Fe, NM, Josephine H. Ford, Assistant Appellate Defender, Albuquerque, NM, for Appellant.

## OPINION

SUTIN, Chief Judge.

{1} The opinion filed in this case on November 1, 2007, is withdrawn and the following opinion is substituted in its place.

{2} Defendant Ivan Granillo–Macias, Jr. was convicted of driving while intoxicated (DWI) in a metropolitan court bench trial. In an on-the-record appeal from the trial court conviction, the district court affirmed. On appeal to this Court, Defendant asserts that (1) there was insufficient probable cause to arrest him, (2) the metropolitan court (the trial court) erred in admitting the breath test results, (3) he was denied his confrontation right, and (4) if admission of the breath test results was not prejudicial or was harmless error, the evidence was insufficient to prove impairment beyond a reasonable doubt. We affirm.

## BACKGROUND

{3} Defendant was stopped at a sobriety checkpoint around 2:40 a.m. The officer smelled an odor of alcohol that appeared to be coming from Defendant. According to the officer, Defendant was fumbling; was slow to respond to the officer's request that he exit the vehicle and held onto the door as he got out of the vehicle; and, as Defendant walked to the back of the vehicle, he kept his hand on it for balance. The officer administered four field sobriety tests (FSTs).

{4} The officer testified as follows regarding her observations of Defendant's FST performance. Defendant failed to maintain his position once during the instruction phase of the walk-and-turn test. During the performance phase of the walk-and-turn test, Defendant missed putting his feet heel to toe by more than one inch on three of the first set of steps and once on his second set of steps. Early in the test, Defendant raised his arms a little over a forty-five degree angle and maintained them in that position until he turned, when he put them down, but toward the end of the second set of steps he put them back up again. He also stopped once during the test. While he took the correct number of steps, Defendant did not turn as instructed; instead, he left his front foot in place and took one large step to turn. During the one-leg-stand test, Defendant raised his arms and also swayed heavily. Further, throughout this test, the officer kept motioning to Defendant and telling him that he needed to raise his foot up higher, but he only raised it about one inch off the ground. During the finger-to-nose test, Defendant swayed, did not follow instructions, and missed touching his nose with the tip of his finger.

{5} Following these FSTs, the officer administered breath alcohol content (BAC) tests with an Intoxilyzer 5000 machine (the breath machine), resulting in BAC readings of 0.11 and 0.13. In regard to certification of the breath machine, the officer testified that based on her experience she thought the

breath machine did not appear to be malfunctioning and that it appeared to be working properly. The officer was a certified operator with almost eleven years of experience as an officer and with the breath machine. The officer did not testify that she had any knowledge of certification procedures required under Scientific Laboratory Division (SLD) regulations. *See* 7.33.2.2 NMAC, 7.33.2.3 NMAC (stating that the regulations governing the certification of breath alcohol testing instruments are promulgated by the Secretary of the Department of Health, and that administration and enforcement of the regulations is the responsibility of the SLD). However, she testified that she was certified to operate the machine and also that "the certification for the machine was adhered to it." She testified further that the machine was working properly that evening, and that the machine performed the self-test check, as well as the calibration check during the taking of Defendant's two breath samples, and that the calibration range was within acceptable levels. The results of Defendant's breath tests were admitted into evidence. The metropolitan court found Defendant guilty of DWI first offense and the district court affirmed.

## DISCUSSION

### Probable Cause to Arrest

■ {6} Defendant attacks the validity of his arrest, and asserts lack of probable cause and error in the court's refusal to dismiss for lack of probable cause. He asserts that the officer did not have a reasonable belief, based on Defendant's behavior, including his performance of the FSTs, that he was "too impaired to drive safely." He also asserts that the tests were not administered or interpreted according to the standards of the National Highway Transportation Safety Administration (NHTSA), and that the FSTs were therefore not valid evidence of alcohol intoxication, particularly in subjects with leg injuries. He further asserts that admission of the officer's testimony about his performance of the FSTs was error, because performance of FSTs does not constitute reliable evidence of impairment.

■ {7} "Whether probable cause exists is a mixed question of law and fact. We review legal conclusions de novo, but defer to the trial court's findings of fact. Our review of factual determinations is limited to determining whether there was substantial evidence to justify a warrantless arrest." *State v. Jones,* 1998–NMCA–076, ¶ 9, 125 N.M. 556, 964 P.2d 117 (citation omitted).

■ {8} We review evidentiary rulings for abuse of discretion. *State v. Woodward,* 121 N.M. 1, 4, 908 P.2d 231, 234 (1995), *rev'd in part on other grounds by Woodward v. Williams,* 263 F.3d 1135 (10th Cir.2001). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case[,]" is clearly untenable, or is not justified by reason. *Woodward,* 121 N.M. at 4, 908 P.2d at 234 (internal quotation marks and citation omitted); *see also State v. Stanley,* 2001–NMSC–037, ¶ 5, 131 N.M. 368, 37 P.3d 85 (same).

■ {9} An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed. *State v. Sanchez,* 2001–NMCA–109, ¶ 6, 131 N.M. 355, 36 P.3d 446. "An officer does not have to observe a suspect actually driving in an impaired manner if the officer, based upon all the facts and circumstances, has reasonable grounds to believe that [the driver] had been driving while intoxicated." *Id.* (internal quotation marks and citation omitted). Our probable cause inquiry is whether it was objectively reasonable for the officer to believe that Defendant had been driving while he was to the slightest degree impaired, that is, unable "to exercise the clear judgment and steady hand necessary to handle a vehicle" in a safe manner. UJI 14–4501 NMRA; *Sanchez,* 2001–NMCA–109, ¶ 6, 131 N.M. 355, 36 P.3d 446. "We judge reasonableness by an objective standard, mindful that probable cause requires more than a suspicion, but less than a certainty." *Sanchez,* 2001–NMCA–109, ¶ 11, 131 N.M. 355, 36 P.3d 446 (internal quotation marks and citation omitted). In reviewing the evidence supporting probable cause, "[e]ach case stands on its own facts; there is no one set of circumstances required for probable cause." *Id.* ¶ 12.

{10} Defendant argues that the record does not show that the FSTs were performed in strict compliance with the NHTSA manual, which requires strict compliance "for standardization." In support of his arguments, Defendant states, for example, that it is not clear from the record whether the officer explained to Defendant that he would be judged on whether he maintained heel-to-toe contact at all times. Defendant further states that the record does not show that the officer gave him the required instructions in the NHTSA manual which states, "When I tell you to start, take nine heel-to-toe steps, turn, and take nine heel-to-toe steps back." In addition, Defendant states that it is not clear from the record whether the officer gave him the required instructions in regard to the one-leg-stand test. In sum, based on what he contends is not clear in the record, Defendant asserts that the officer's testimony was inadmissible because the FSTs were invalid in that they were not conducted in strict compliance with NHTSA standards, and because the officer did not interpret Defendant's performance in strict compliance with NHTSA standards for evaluation of subjects with injuries or medical conditions.

{11} On appeal, Defendant does not show where he introduced any part of any NHTSA manual in evidence for the metropolitan court's consideration. Defendant has not caused any part of any manual to be a part of the record on appeal. Further, Defendant relies solely on Ohio case law that has either been superseded by statute or that for the most part consists of unpublished opinions. *See Gormley v. Coca-Cola Enters.*, 2004-NMCA-021, ¶ 10, 135 N.M. 128, 85 P.3d 252 (citing *Gonzales* ), *aff'd and superseded by* 2005-NMSC-003, ¶ 11 n. 1, 137 N.M. 192, 109 P.3d 280 (considering unpublished decisions for illustration purposes only, and stating that "[i]t continues to be the practice of this Court to only rely on published cases as precedent"); *State v. Gonzales*, 110 N.M. 218, 227, 794 P.2d 361, 370 (Ct.App.1990) (stating that "unpublished orders, decisions, or memorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties"), *aff'd*, 111 N.M. 363, 805 P.2d 630 (1991). Moreover, Defendant's objections at trial regarding the FSTs made no mention of the NHTSA manual or compliance with NHTSA standards or requirements, nor did Defendant make the NHTSA strict compliance arguments to the metropolitan court or cite to that court any Ohio case law to support any such position. Defendant's general objection as to relevancy and admissibility of the officer's testimony was insufficient to alert the trial court to the NHTSA strict compliance argument he now makes on appeal. We hold that the argument was not properly preserved. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)); *City of Portales v. Shiplett*, 67 N.M. 308, 310, 355 P.2d 126, 127 (1960) ("The failure of [the] defendant to point out the claimed errors and to bring them to the attention of the trial court prevent his relying on them for the first time on appeal."); *State v. Onsurez*, 2002-NMCA-082, ¶ 14, 132 N.M. 485, 51 P.3d 528 ("We do not reach issues on which the [trial] court had insufficient opportunity to rule.").

{12} We hold that the smell of alcohol emanating from Defendant, Defendant's lack of balance at the vehicle, and the manner of Defendant's performance of the FSTs constituted sufficient circumstances to give the officer the requisite objectively reasonable belief that Defendant had been driving while intoxicated and to proceed with BAC tests, and thus constituted probable cause to arrest Defendant.

**Admissibility of Breath Test Results**

{13} Defendant challenges the admission of the breath test results from the breath machine. He contends that the officer's testimony relating to the annual certification sticker was not sufficient foundation to permit admission in evidence of the breath test results. Defendant also contends that he was denied his Sixth Amendment confrontation right because the State failed to produce

a competent witness to testify about that certification.

{14} Among other statements regarding the breath machine, the officer testified that she was certified to use the machine, that she saw the certification sticker on the machine, that the machine was certified, and that "[t]he certification for the machine was adhered to it." The court admitted the officer's testimony about certification of the machine and admitted Defendant's breath test results over Defendant's objections.

{15} Defendant acknowledges that, as a certified operator of the breath machine, the officer was qualified to testify that the machine appeared to be working properly and that she saw the certificate on the machine. Defendant contends, however, that testimony that the machine is functioning mechanically is insufficient to show that it is functioning accurately. *See State v. Rolison*, 6 Haw.App. 569, 733 P.2d 326, 328–29 (1987) (holding a breath test result inadmissible where, although the officer testified that the machine was operating properly, there was no testimony directly bearing on the accuracy of the test result). In arguing lack of foundation, Defendant notes that the officer did not testify as to her knowledge of the actual SLD certification procedures, that such knowledge is not within the expertise of equipment operators, and that the State did not produce the certificate itself. *See* 7.33.2.13 NMAC (pertaining to certification of equipment operators); 7.33.2.14 NMAC (pertaining to certification of key operators); 7.33.2.7(N), (O) NMAC (relating to certified key operators and certified operators); *Garza v. State Taxation & Revenue Dep't*, 2004–NMCA–061, ¶ 15, 135 N.M. 673, 92 P.3d 685 (stating that, in administrative breath test proceedings, to satisfy the foundational requirement of showing annual SLD certification, "the State could satisfy its threshold showing by affidavit, certification by an appropriately qualified witness, or proof of annual certification records"); *cf. State v. Dedman*, 2004–NMSC–037, ¶ 13, 136 N.M. 561, 102 P.3d 628 (stating that "if an accuracy-ensuring regulation is not satisfied, the result of the test in question may be deemed unreliable and excluded"); *Onsurez*, 2002–NMCA–082, ¶ 13, 132 N.M. 485, 51 P.3d 528 (distinguishing calibration from certification and stating that proof of

calibration cannot substitute for proof of certification and that, upon proper objection, the State must show that the machine has been certified by the SLD). Defendant thus attacks admission of the breath test results on the grounds that the officer's testimony as to SLD certification was inadmissible hearsay and the State failed to establish a foundation sufficient for admission of the results.

{16} Defendant also attacks admission of the breath test results on the ground that his Sixth Amendment confrontation right was violated, asserting that the court did not find that a witness knowledgeable about SLD certification was unavailable, and that he had no opportunity to confront and cross-examine such a witness. *See* U.S. Const. amends. VI, XIV; *State v. Lopez*, 2000–NMSC–003, ¶ 14, 128 N.M. 410, 993 P.2d 727 (stating that the right to confront and cross-examine witnesses is an element of due process guaranteed by the Fourteenth Amendment). Citing *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and asserting that the breath machine and its certification exist for no other reason than to prove breath test results in criminal trials, Defendant argues that the certificate is testimonial. Further, citing *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), *modified by Crawford*, 541 U.S. 36, 124 S.Ct. 1354, and citing *Dedman*, 2004–NMSC–037, ¶ 35, 136 N.M. 561, 102 P.3d 628, Defendant argues that, even if it were determined that the certificate was non-testimonial, the utility of cross-examination of a knowledgeable witness was not remote and also no firmly rooted hearsay exception satisfied the State's burden to prove reliability of the test results, and, therefore, the breath test results still violated the Confrontation Clause and were inadmissible.

{17} Thus, in short, Defendant attacks on evidentiary (foundation) and Sixth Amendment (confrontation) grounds the admission of the breath test results where the State offered solely the testimony of the officer that the breath machine was working properly and, based on her observation of a certificate, that the machine had been SLD certified. We first address Defendant's lack of foundation contention that the breath test

results were improperly admitted based on the officer's testimony relating to certification. We then address Defendant's confrontation contentions.

### The Foundation Issue—The Officer's Hearsay Testimony

{18} The recent case of *State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894, controls the foundation issue. In *Martinez*, the defendant challenged his conviction of DWI, claiming that the court abused its discretion by admitting breath alcohol test results. *Id.* ¶ 1. The defendant claimed error because the evidence as to the accuracy of the breath machine rested solely on the testimony of a police officer who saw a certification sticker on the machine indicating that the machine's certification was current. *Id.* After analyzing case law, applicable rules of evidence, the DWI statute, and SLD regulations, our Supreme Court ruled that the State sufficiently met its burden to establish the foundational requirement that the breath machine was certified at the time the breath test was performed. *Id.* ¶¶ 13–24. Thus, *Martinez* holds that testimony of an officer who performed the breath test and saw a certification sticker on the machine, which indicated that the machine was certified by SLD when the test was conducted, meets the foundational requirements for admission of breath test results. *Id.* ¶ 23.

{19} In arriving at its holding, the Court in *Martinez* said that in addressing foundational requirements, a trial court would not be bound by the rules of evidence, except those concerning privileges, and that the court could, therefore, consider hearsay. *Id.* ¶¶ 21, 23. At the same time, the Supreme Court stated that, although a trial court may be satisfied that the State met its foundational requirement through an officer's testimony regarding the certificate, a defendant could still challenge the reliability, and thus the ultimate admission, of breath test results through discovery that would provide information which could critically challenge the officer's foundational testimony concerning certification. *Id.* ¶ 24. In *Martinez*, since the defendant made no attempt to challenge that reliability, the Court held that the trial court did not abuse its discretion in admitting the breath test results. *Id.*

{20} It is clear that the State must make a threshold showing that the breath machine was SLD certified and that the certification was current at the time the test was taken. *See id.* ¶ 12. In *Martinez*, the officer's testimony was that he "saw a certification sticker on the breathalyser indicating that the machine's certification was current." *Id.* ¶¶ 1, 3. That was a sufficient threshold showing for admission of the breath test results. In the present case, the officer testified that, with respect to the breath machine she operated, she saw and checked the sticker on the machine. After a lack of foundation objection by defense counsel, the court made the following statement.

> [W]e have here a system where the . . . we take basically judicial . . . knowledge of the fact that . . . we have a Scientific Laboratory Division that maintains these machines and . . . is supposed to do so in accordance with . . . rules and regulations and so forth and that all this information is available [and] maintained for . . . the perusal of defendants and their attorneys, and so in this manner, we hope to . . . ensure the veracity of that sort of document. So, I'm satisfied at least unless something were to appear to the contrary that . . . the officer testifies that it appears that machine had a certified . . . certificate on it at the time, it was valid, and within the dates in question, that's sufficient to establish I think a presumption that . . . the machine was in fact operating correctly in absence of any evidence to the contrary.

The following exchange took place after the court's statement. The prosecutor stated to the officer, "You had answered that the machine was certified." The officer responded that "The certification for the machine was adhered to it." Defendant made no further objection. We think the court could reasonably conclude that the officer testified to a current annual SLD certification. Based on *Martinez*, we hold that, in the present case, the evidence presented by the State satisfied the foundational requirement for admission of the breath test results.

### The Confrontation Issues

{21} Defendant argues that the trial court violated his right of confrontation on the issue of whether the breath test results

should be admitted in evidence at trial. He complains that he did not have the opportunity to cross-examine the person who had actual knowledge of the certification process and of the actual certification of the machine. It is important to note the distinction between (1) preliminary factual evidence (testimony as to certification) to establish a foundation for the admission of evidence to be used at trial (the breath test results), and (2) the evidence to be used at trial (the breath test results). The witness that Defendant demands for cross-examination would present nothing more than preliminary factual evidence to establish a foundation for the admission of evidence to be used at trial.

{22} In our view, *Martinez* controls this issue. Although the primary issue in *Martinez* was an evidentiary, non-constitutional issue, the defendant argued on appeal that his right to confront was violated "when he was not given the opportunity to cross-examine anyone who had 'actual knowledge' of the machine's certification." *Id.* ¶ 25. Considering this issue under the fundamental error doctrine because it was not preserved below, the Court in *Martinez* stated that "[t]he protections afforded by the Confrontation Clause do not extend to preliminary questions of fact." *Id.* We consider this statement to be binding precedent. Thus, under *Martinez*, because Defendant seeks only to cross-examine on preliminary questions of fact, the Confrontation Clause offers Defendant no protection.

{23} We read *Martinez* to be saying that, in proving preliminary questions of fact, the State is not utilizing a witness "against" the defendant under the Sixth Amendment. *See State v. Roybal*, 107 N.M. 309, 311, 756 P.2d 1204, 1206 (Ct.App.1988) (indicating that the Confrontation Clause extends only to persons who offer substantive evidence against the defendant at trial, and thus accuse the defendant of criminal conduct); *see also State v. Barton*, 79 N.M. 70, 73–74, 439 P.2d 719, 722–23 (1968) (holding that a person who reported the location of the defendant to the police but was not called as a witness to testify was not a witness against the accused and thus there was no Sixth Amendment right to cross-examine the person). Neither *Crawford* nor *Roberts* requires a different result given the fact that neither involved preliminary questions of fact to be resolved in order to establish a foundation for evidence to be used at trial. These cases instead involved whether the testimony of a witness "against" a defendant in a direct accusatory sense should be admitted at trial for jury consideration essentially on the issue of guilt or innocence.

**Defendant's Other Arguments**

{24} Under the assumption that we would hold that the breath test results were erroneously admitted in evidence, Defendant asserts that admission of the breath test results was prejudicial and not harmless error. Alternatively, Defendant asserts that there was insufficient evidence to prove impairment beyond a reasonable doubt. Having concluded that the breath test results were properly admitted in evidence, we see no basis for Defendant's arguments relating to prejudice and harmless error. Further, the evidence set out in the background and probable cause sections of this opinion was clearly sufficient to convict Defendant based on the breath test results and the other evidence indicating impairment. We, therefore, reject Defendant's remaining arguments.

**CONCLUSION**

{25} We affirm the district court's affirmance of Defendant's metropolitan court conviction.

{26} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and MICHAEL E. VIGIL, Judges.