This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                                    **No. 32,063**

**ROLANDO GARCIA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Garcia appeals his conviction for driving while intoxicated. In our notice of proposed summary disposition, we proposed to affirm. Garcia has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Garcia's arguments, we affirm.

Garcia asserts that the officer lacked probable cause to arrest him for driving while under the influence of alcohol. [DS 8] In this Court's notice of proposed summary disposition, we proposed to find no error in the conclusion that the officer had probable cause to arrest Garcia. *See State v. Ruiz*, 120 N.M. 534, 540, 903 P.2d 845, 851 (Ct. App. 1995) (holding that there was probable cause to arrest the defendant based on observations that the defendant was weaving and drove for four blocks while the officer was trying to pull him over, had a strong smell of alcohol and glassy eyes, and was unable to perform field sobriety testing), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894.

Garcia has filed a memorandum in opposition in which he argues that there was no probable cause (1) because there were other possible explanations for Garcia's driving behavior and his performance on the field sobriety tests, (2) because not everyone whose breath smells of alcohol or whose eyes are bloodshot and watery is impaired by alcohol, and (3) because field sobriety tests were designed to assess a person's blood alcohol content, not impairment. [MIO 7-9] However, as we explained in our notice, the probable cause standard does not require an officer to

2

know with absolute certainty that a crime has been committed. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187. It is sufficient if the officer had an objectively reasonable belief—more than a suspicion, but less than a certainty. *Id.* And for the reasons discussed in our notice, we hold that the officer had such an objectively reasonable belief that Garcia had been driving while impaired by alcohol.

Therefore, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

3