This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                            **No. 33,688**

**CEDRIC LARA,**

Defendants-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Defendant appeals from the district court's affirmance of his convictions for

DWI and speeding. Our notice proposed to affirm and Defendant filed a memorandum

in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

**{2}** Defendant continues to argue that the officer lacked probable cause for his arrest. [RP 56, 75; MIO 9] *See generally State v. Granillo-Macias*, 2008-NMCA-021, ¶¶ 7, 9, 143 N.M. 455, 176 P.3d 1187 (setting forth the standard of review for whether probable cause to arrest exists). As detailed in our notice, Defendant was driving 59 mph in a 35 mph zone [RP 75; MIO 1], emitted a moderate odor of alcohol [RP 71, 75; MIO 1], and had bloodshot and watery eyes. [RP 75; MIO 1, 10] Defendant also admitted to consuming alcohol earlier at home [RP 76; MIO 2], gave inconsistent answers to the officer's question about from where he was coming [RP 75; MIO 1], and performed poorly on field sobriety tests by exhibiting a lack of balance and inability to follow directions. [RP 78, 76; MIO 4, 11]

**{3}** We hold that the foregoing evidence provided probable cause for Defendant's arrest for DWI. *See generally State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI when the officer noticed bloodshot, watery eyes, slurred speech, and a strong odor of alcohol, when the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and failed the field sobriety tests).

**{4}** In holding that probable cause supported Defendant's arrest, we acknowledge Defendant's continued argument that factors other than alcohol explained his appearance and poor performance on the SFSTs. [MIO 10-11] In this regard, Defendant emphasizes that the odor of alcohol does not necessarily show impairment [MIO 10], that reasons other than alcohol could cause bloodshot and watery eyes [MIO 10], that he did not have difficulty pulling over or exiting his vehicle [MIO 10], and that a possible migraine could have impacted his ability to perform the SFSTs. [MIO 11] However, it was the fact finder's prerogative to weigh the evidence and determine that there was probable cause that Defendant was impaired. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

**{5}** Further, to the extent Defendant asserts that the officer did not follow the proper protocol for administering the portable breath test (PBT) [MIO 7, 8, 12], we point out that the officer testified that he would have arrested Defendant even without the PBT [DS 7; MIO 6], that the court did not rely on the PBT to support its finding of probable cause for Defendant's arrest [MIO 9], and that our analysis similarly does not consider the PBT test for our holding that probable cause supported Defendant's arrest. In short, because the PBT is not a factor in the probable cause analysis, we need

3

not consider the merits of any alleged improprieties. And lastly, to the extent Defendant suggests that any reliance on Defendant's SFSTs is improper [MIO 11], we disagree. An officer is not precluded—as Officer McCarson did in the present case [MIO 2-6]—from testifying about his or her observations of a suspect's performance on the SFSTs. *See, e.g.*, *State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that a defendant's performance on motor skills exercises is one of the self-explanatory tests that reveal common physical manifestations of intoxication); *see also State v. Neal*, 2008-NMCA-008, ¶ 27, 143 N.M. 341, 176 P.3d 330 (recognizing that the fact finder could rely on common knowledge and experience to determine whether the defendant was under the influence of alcohol when considering the testimony as to the defendant's driving behavior, physical condition, admission of drinking, and performance on the field sobriety tests).

{6}     For the reasons provided above and in our notice, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**

4

_____

**M. MONICA ZAMORA, Judge**