This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                    No. 34,117

TIMOTHY LEWIS,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

BUSTAMANTE, Judge.

{1} Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold Defendant's conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Defendant has raised a single issue, contending that the district court erred in determining that the officer who administered his breath-alcohol tests complied with 7.33.2.15(B)(2) NMAC (stating that a breath test shall not be administered unless the operator "has ascertained that the subject has not had anything to eat, drink or smoke for at least 20 minutes prior to collection of the first breath sample"). [DS 16] Specifically, he argues that the officer should have started a new 20-minute deprivation period because he was burping. [DS 11, 16; MIO 1]

{3} As we previously observed in the notice of proposed summary disposition, Defendant's argument finds no support within either the plain language of the regulation or our case law. *See id.*; *and see also State v. Willie*, 2008-NMCA-030, ¶ 17, 143 N.M. 615, 179 P.3d 1223 (rejecting a similar argument), *rev'd on other grounds*, 2009-NMSC-037, 146 N.M. 481, 212 P.3d 369. In his memorandum in opposition we understand Defendant to contend that the regulation is sufficiently ambiguous as to require interpretation. [MIO 2] In reliance upon out-of-state authority and a manual that is not part of the record, Defendant urges the Court to infer that a

new 20-minute deprivation period should be required after the subject burps. [MIO 1-3] However, we find the cited authority and references to the manual to be unpersuasive. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 11, 143 N.M. 455, 176 P.3d 1187 (similarly rejecting arguments based on out-of-state authority and a manual that was not part of the record).

{4}    As we indicated in the notice of proposed summary disposition, we are unwilling to engraft additional requirements onto the SLD regulation, particularly in light of its history. *See Willie*, 2008-NMCA-030, ¶17 (observing that language requiring the operator to ascertain that the subject did not burp during the deprivation period had appeared in a prior version of the regulation, but it was repealed, and the current version of the regulation omits the historic language); *and see generally State v. Javier M.*, 2001-NMSC-030, ¶ 26, 131 N.M. 1, 33 P.3d 1 (observing that we look to the plain language of the statute, as well as the history and evolution of a statutory provision in order to ascertain the underlying intent). We therefore reject Defendant's assertion of error.

{5}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}    **IT IS SO ORDERED.**

 

        _____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**