This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **No. 34,268**

**BECKY MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**{1}** Defendant was convicted of DWI (3rd offense) in magistrate court, pursuant to a conditional guilty plea. After conducting an evidentiary hearing on Defendant's motion to suppress, the district court entered an order denying the motion and dismissing Defendant's appeal. Thereafter Defendant sought further review with this Court. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. We conclude that the amendment is unnecessary, insofar as the arguments were suggested by the docketing statement. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

**{2}** Because we previously described the pertinent evidence and set forth our analysis in the notice of proposed summary disposition, we will avoid unnecessary reiteration here and instead focus on the content of the memorandum in opposition.

**{3}** Defendant has raised a single issue, contending that the conservation officers who detained her acted beyond the scope of their statutory authority, such that all evidence obtained as a result of that detention should have been suppressed. [DS 3-4; MIO 7-18]

**{4}** Conservation officers are statutorily authorized to enforce provisions of the motor vehicle code, including NMSA 1978, Section 66-8-102 (2010), under

emergency circumstances. *See* NMSA 1978, § 17-2-19(C)(2) (2001) ("Conservation officers may . . . under emergency circumstances and while on official duty only enforce the provisions of the Criminal Code and the Motor Vehicle Code[.]"). Evaluating whether emergency circumstances may properly be said to exist in any given case requires the courts to consider the gravity of the threatened harm, the likelihood of the harm occurring, and the lack of time in which action could be taken to avert the harm, especially considering whether it was feasible to summon a regular law enforcement officer. *State v. Creech*, 1991-NMCA-012, ¶ 19, 111 N.M. 490, 806 P.2d 1080.

{5} As we previously observed, in this case evidence was presented that Defendant was driving while highly intoxicated, she approached the checkpoint and turned back on at least three occasions, Defendant was many miles from her home, and there were no commissioned law enforcement officers immediately available. [RP 121-25] This is sufficient to establish emergency circumstances. *See generally State v. Gurule*, 2011-NMCA-042, ¶ 13, 149 N.M. 599, 252 P.3d 823 (observing that "there is compelling public interest in deterring individuals from driving while intoxicated . . . . [particularly insofar as] innocent individuals are oftentimes injured or killed, and their families and loved ones made to suffer and, therefore, the potential harm of DWI

is much greater than if only the irresponsible person who drove while intoxicated was put in danger" (internal quotation marks and citation omitted)).

{6}     In her memorandum in opposition we understand Defendant to continue to assert that insofar as her vehicle was disabled, no threat of harm was presented. [MIO 11-12] However, the district court specifically rejected Defendant's testimony on this point. [RP 123] As a consequence, it presents no basis for reversal. *See generally State v. Anaya*, 2012-NMCA-094, ¶ 30, 287 P.3d 956 ("As fact-finder, the district court was entitled to judge the credibility of the witnesses, and, on appeal, we will not second-guess its judgment as to credibility." (citation omitted)).

{7}     Defendant further suggests that rather than detaining her while awaiting the arrival of a state police officer, the conservation officers should have been required to wait by the side of the road for a third party to arrive at the scene to give Defendant a ride home. [MIO 11] However, we are unaware of any authority, and Defendant has cited none, to support this proposition. *See generally State v. Godoy*, 2012-NMCA-084, ¶ 5, 284 P.3d 410 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). To the extent that Defendant may invite this Court to announce such a requirement, we deem it improvident.

**{8}** In summary therefore, we concur with the district court's determination that the officers acted within the scope of their statutory authority. This supplies adequate grounds for the denial of the motion to suppress.

**{9}** As an alternative basis for its ultimate conclusion, the district court also noted that insofar as there was probable cause to arrest, the exclusionary rule should not apply. [RP 125-26] *See State v. Slayton*, 2009-NMSC-054, ¶¶ 1, 33, 147 N.M. 340, 223 P.3d 337 (holding that a state actor's unauthorized seizure of a person suspected of committing a crime is not a per se violation of the Fourth Amendment; rather, the pertinent question is whether the state actor had probable cause to believe that the person had committed a crime in their presence). We agree. Insofar as the conservation officers observed Defendant repeatedly approaching and avoiding the checkpoint, insofar as Defendant admitted driving, and insofar as Defendant was highly intoxicated, there was probable cause to arrest Defendant on suspicion of DWI (past driving). *Cf. State v. Anaya*, 2009-NMSC-043, ¶ 16, 147 N.M. 100, 217 P.3d 586 ("If a driver is on notice that the checkpoint is ahead, then, where the driver turns away from the checkpoint and the circumstances lead the officer reasonably to believe that the driver is attempting to evade the checkpoint, the officer may form a reasonable suspicion that the driver is driving while intoxicated."). Defendant contends that *Anaya* is inapplicable, in light of her own testimony that she did not

know it was a checkpoint. [MIO 15-16] However, insofar as the existence of probable cause turns upon an objective evaluation of the facts and circumstances within the officers' knowledge, Defendant's testimony about her own subjective state of mind is unavailing. *See State v. Granillo-Macias,* 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187 ("Our probable cause inquiry is whether it was objectively reasonable for the officer to believe that Defendant had been driving while he was to the slightest degree impaired[.]") Moreover, in light of the district court's rejection of Defendant's testimony that the vehicle was malfunctioning, [MIO 5] the officers could also have arrested Defendant for DWI based on her exercise of actual physical control over the vehicle. *See, e.g., Schuster v. State Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶¶ 3-6, 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed, on a theory of actual physical control, based on the defendant's apparent intent to drive, as well as the officer's observations including bloodshot watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests). We therefore remain of the opinion that the rule articulated in *Slayton* supplies an alternative basis for the denial of Defendant's motion to suppress.

{10}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{11}     **IT IS SO ORDERED.**

6

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**CYNTHIA A. FRY, Judge**