STATE V. YAZZIE

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**TOM YAZZIE,**
**Defendant-Appellant.**

Docket No. A-1-CA-37705
COURT OF APPEALS OF NEW MEXICO
April 8, 2019

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY, John A. Dean, Jr., District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Santa Fe, NM, Steven J. Forsberg, Assistant Appellate Defender, Albuquerque, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, JACQUELINE R. MEDINA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his conviction for aggravated driving under the influence of an intoxicating liquor or drugs, contrary to NMSA 1978, Section 66-8-102(C)(1) (2016). [RP 154] Defendant has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Defendant continues to argue that the district court erred in admitting the breath alcohol test (BAT) results into evidence because the State did not introduce sufficient evidence that the breach machine's certification was current. [MIO 1] "We review an alleged error in the admission of evidence for an abuse of discretion." *State v. Martinez*, 2007-NMSC-025, ¶ 7, 141 N.M. 713, 160 P.3d 894. The district court abuses its discretion when it admits evidence for which the necessary foundation has not been laid. *State v. Gardner*, 1998-NMCA-160, ¶ 5, 126 N.M. 125, 967 P.2d 465. **{3}** In order to meet the foundational requirements for admission of a BAT card, the State must show that the machine was certified by the Scientific Laboratory Division (SLD) at the time of the test and that the certification was current at the time the test was taken. *See Martinez*, 2007-NMSC-025, ¶ 9; *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 20, 143 N.M. 455, 176 P.3d 1187. Under Rule 11-104(A) NMRA, the district court need only be satisfied that the foundational requirements for admission have been established by a preponderance of the evidence. *See Martinez*, 2007-NMSC-025, ¶¶ 19, 23.

**{4}** In this case, Officer Weaver testified that the machine was certified "at the time," and that he saw the certification attached to the machine which indicated that the machine was certified. [DS 3; RP 67] This testimony was sufficient to meet the State's burden to make a threshold showing of admissibility. To the extent Defendant argues that Officer Weaver was required to testify more specifically regarding the contents of the certification sticker on the machine, we disagree. *See Granillo-Macias*, 2008-NMCA-021, ¶ 20 (holding that similar testimony was sufficient to meet the state's foundational requirement because the officer's testimony that the certification was attached to the machine was sufficient to allow the district court to conclude that the officer testified to a current SLD certification).

**{5}** Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm Defendant's conviction.

**{6}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**