This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38613**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL CUCCI,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Yvette K. Gonzales, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his conviction for DUI. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue that police lacked probable cause to arrest him for DUI. "Whether probable cause exists is a mixed question of law and fact." *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 7, 143 N.M. 455, 176 P.3d 1187. "We review legal conclusions de novo, but defer to the trial court's

findings of fact." *Id.* "An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed." *Id.* ¶ 9.

**{3}**     Because the parties are familiar with the relevant factual and procedural background, we will discuss only those facts relevant to our analysis.

**{4}**     Defendant argues that the arresting officer was not aware of sufficient facts to establish probable cause to arrest him because much of the evidence preceding the officer's request that he perform field sobriety tests (FSTs) was marginal as to intoxication. [MIO 7] To the extent Defendant argues that the officers lacked reasonable suspicion to expand the traffic stop into a DUI investigation, we disagree. Officer Perez stopped Defendant after he observed Defendant driving erratically through a parking lot and saw that Defendant's vehicle had a defective taillight. [MIO 2-3] As Officer Perez was informing Defendant of the reason for the traffic stop, he noticed the odor of alcohol coming from Defendant, and Defendant informed Officer Perez that he had consumed two beers. [MIO 3] In addition, Officer Perez's sworn statement in the criminal complaint recites that, on making contact with Defendant, he observed that Defendant had slurred speech and bloodshot, watery eyes. [RP 1] *See State v. Monafo*, 2016-NMCA-092, ¶ 10, 384 P.3d 134 (stating that in reviewing the denial of a motion to suppress, the appellate courts consider the entire record below, and not just the evidence presented at the suppression hearing); *see also State v. Johnson*, 1996-NMCA-117, ¶210, 122 N.M. 713, 930 P.2d 1165 ("On appeal, we are not limited to the record made on a motion to suppress, but may review the entire record to determine whether there was sufficient evidence to support the trial court's denial of the motion to suppress.").

**{5}**     Defendant's erratic driving and slurred speech, combined with the odor of alcohol and his admission to drinking alcohol provided Officer Perez with reasonable suspicion to conduct a DUI investigation. *See State v. Candace S.*, 2012-NMCA-030, ¶ 18, 274 P.3d 774 (holding that DUI investigations must be supported by reasonable suspicion that a driver may be impaired and determining that the officer had reasonable suspicion where he observed erratic driving, smelled the odor of alcohol on the suspect's person, and saw that the driver swayed as the driver walked); *see also State v. Walters*, 1997-NMCA-013, ¶ 26, 123 N.M. 88, 934 P.2d 282 (stating that an officer had reasonable suspicion to investigate further when he detected the odor of alcohol). We therefore reject Defendant's argument that the information possessed by the officer prior to the request that Defendant perform FSTs was insufficient to justify further investigation.

**{6}**     Defendant also argues that the evidence of his poor performance on the FSTs could not be relied upon to establish probable cause because his performance was undermined by features of his shoes, and he was not offered alternative FSTs, despite his statement to Officer Perez that he had suffered a recent ankle injury. [MIO 8-10] We disagree. Although Defendant cites to evidence suggesting that the evidentiary value of FSTs may be diminished when a suspect is injured, the metropolitan court was not required to believe Defendant's claim to officers, made after initially denying the existence of any conditions that would impact his ability to walk, that he had sprained

his ankle earlier in the day and could determine what weight to afford the FST evidence under the circumstances. *See State v. Martinez*, 2018-NMSC-007, ¶ 14, 410 P.3d 186 (recognizing that when acting as the fact-finder at a suppression hearing, the trial court must evaluate the credibility of witnesses and determine the weight to which the evidence is entitled).

**{7}** Under the totality of circumstances known to the officer, including his performance on the FSTs, probable cause to arrest Defendant for DUI existed. *See Schuster v. N.M. Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's bloodshot, watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests); *Granillo-Macias*, 2008-NMCA-021, ¶ 12 (holding that an officer had probable cause to arrest for DWI where the defendant smelled of alcohol, was unsteady on his feet, and did not perform field sobriety tests well); *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI where he noticed bloodshot, watery eyes, slurred speech, and odor of alcohol, and where the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and did not perform the field sobriety tests well).

**{8}** Accordingly, we affirm the metropolitan court's order denying Defendant's motion to suppress.

**{9}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**