This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39500**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EDGAR PEREZ,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Vidalia Gruber Chavez, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**      Defendant appeals his metropolitan court conviction for first offender driving while intoxicated (DWI) (slightest degree). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}**      **Issue 1:** Defendant continues to claim that the district court erred in denying his motion to suppress, which alleged that his arrest for suspected DWI was not supported by probable cause. [MIO 6; RP 28]

**{3}**     "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted). We review "factual matters with deference to the district court's findings if substantial evidence exists to support them, and [the appellate courts] review[ ] the district court's application of the law de novo." *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the fact-finder's conclusion. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{4}**     "Probable cause exists when the facts and circumstances warrant a belief that the accused had committed an offense, or is committing an offense." *State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286. "There are no bright line, hard-and-fast rules for determining probable cause, but the degree of proof necessary to establish probable cause is more than a suspicion or possibility but less than a certainty of proof." *State v. Trujillo*, 2011-NMSC-040, ¶ 16, 150 N.M. 721, 266 P.3d 1 (internal quotation marks and citation omitted). Thus, probable cause is discussed as existing within the realm of reasonable probabilities, rather than the realms of mere suspicions or certainties. *State v. Sanchez*, 2015-NMCA-084, ¶ 14, 355 P.3d 795.

**{5}**     Here, Officer Jeffrey Zamorano testified that he was dispatched to a single-car accident, where he made contact with Defendant. [MIO 2] Defendant stated that he was the driver and had consumed alcohol prior to the crash. [MIO 2] Officer Zamorano also observed that Defendant had blood-shot watery eyes and smelled of alcohol. [MIO 2] Officer Zamorano testified that he administered standard field sobriety tests (FST's), and indicated that Defendant had difficulty in complying. [MIO 2] Defendant was then placed under arrest. [DS 2]

**{6}**     Our calendar notice proposed to hold that this evidence was sufficient to satisfy the probable cause requirement. *See, e.g.*, *Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's bloodshot, watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests); *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that an officer had probable cause to arrest for DWI where the defendant smelled of alcohol, was unsteady on his feet, and did not perform field sobriety tests well); *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI where he noticed bloodshot, watery eyes, slurred speech, and odor of alcohol, and where the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and did not perform the field sobriety tests well).

**{7}**     In his memorandum in opposition, Defendant claims that the weight of the evidence is questionable, because his performance could have been affected by his knee injury, and he should have been offered alternative tests. [MIO 6-9] We point out that we "view the evidence in the light most favorable to the guilty verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We therefore accept

the testimony and evidence that supports the decision, and we disregard any evidence to the contrary. To the extent that Defendant is claiming that there was no evidence that the accident itself was caused by impairment [MIO 8], we note that DWI is a strict liability crime and the facts merely needed to show that the officer had probable cause that Defendant was driving while under the influence of alcohol. *See State v. Harrison*, 1992-NMCA-139, ¶ 23, 115 N.M. 73, 846 P.2d 1082 (holding "that the offense of DWI is a strict liability crime"). In light of the discussion above, we conclude that the State's evidence satisfied this requirement.

{8}    **Issue 2:** Defendant continues to claim that the evidence was insufficient to support his conviction for DWI under the "slightest degree" alternative. [MIO 10] *See* NMSA 1978, § 66-8-102(A) (2016). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{9}    In addition to the erratic driving that can be inferred from the accident, Defendant smelled of alcohol, admitted to drinking, had blood-shot watery eyes, and had difficulty complying with the FST's. This was sufficient to support the State's "slightest degree" DWI charge. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110; *see also State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated). Again, to the extent Defendant claims that his performance on the FST's should be discounted because he may have been impaired from the accident, we believe this was a matter involving the credibility of his assertions of accident-caused impairment. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

{10}    For the reasons set forth above, we affirm.

{11}    **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**