This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40250**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JOHN NORWOOD,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Christine E. Rodriguez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The State appeals the metropolitan court's order granting Defendant John Norwood's motion to suppress because the arresting officer lacked probable cause to arrest Defendant for driving while intoxicated (DWI). The State argues that the metropolitan court erred in granting the motion to suppress because the facts found by the metropolitan court to be within the arresting officer's, Officer Fulton's, knowledge were sufficient to establish probable cause despite his errors in administering Standardized Field Sobriety Tests (SFSTs) and their mixed results. Because Officer

Fulton had reasonable grounds to believe Defendant had been driving while intoxicated, we reverse and remand.

**BACKGROUND**

**{2}** The State charged Defendant with one count of aggravated driving under the influence of intoxicating liquor in violation of NMSA 1978, Section 66-08-102(D)(1) (2016). On June 11, 2021, a civilian witness flagged Officer Fulton down regarding a truck blocking traffic in the center lane on Juan Tabo. The witness advised Officer Fulton that he had approached the truck and saw an individual asleep behind the wheel. The witness further explained to Officer Fulton that he smelled alcohol coming from the truck and decided to take the keys out of the ignition to prevent the occupant, later identified as Defendant, from driving off. The witness then gave the keys to Officer Fulton.

**{3}** Before Officer Fulton approached the truck, Defendant got out and approached the officer. Officer Fulton saw that Defendant was unbalanced as he walked towards him. He also observed that Defendant was exhibiting other signs of intoxication including slurred speech and bloodshot watery eyes. Officer Fulton also noticed the odor of alcohol coming from Defendant and Defendant admitted to Officer Fulton that he had consumed an alcoholic beverage. Officer Fulton *Mirandized* Defendant and began to administer three SFSTs. Before beginning the SFSTs, Defendant explained to Officer Fulton that he had two bad knees, chronic obstructive pulmonary disease (COPD), high blood pressure, and was dehydrated from working in the sun all day.

**{4}** First, Officer Fulton administered the horizontal nystagmus gaze (HGN) test. Officer Fulton testified that Defendant performed poorly on the test because he failed to follow instructions, moved his head, and raised his arms. Next, Officer Fulton administered the walk-and-turn test. He admitted that he failed to properly instruct Defendant how to start but that he did not take Defendant's starting place into consideration when evaluating Defendant's performance. Officer Fulton testified Defendant performed poorly on this test because he stepped off the line, raised his arms, missed stepping heel to toe multiple times, did not complete the turn, and did not complete the rest of the test. Officer Fulton then administered the one-legged stand test. Again, Officer Fulton testified that Defendant did poorly. Defendant was unable to balance and raised his arms, put his foot down multiple times, and switched feet in the middle of the test. Defendant complained that he could not finish the test due to his bad knees.

**{5}** At this point Officer Fulton began to arrest Defendant but stopped and conducted two more alternative field sobriety tests because his field training officer instructed him to do so to accommodate Defendant's medical conditions. Defendant performed the finger-touch test adequately but failed the alphabet-parameter test. Officer Fulton failed to ask Defendant before administering the alphabet-parameter test if he knew the alphabet and failed to ask Defendant's level of education. Officer Fulton then arrested

Defendant for driving under the influence. Defendant was administered a breath test, which indicated a blood alcohol concentration of .16.

**{6}** Defense counsel moved to suppress evidence gathered as a result of Officer Fulton's initial detention of Defendant on the ground that it was a de facto arrest unsupported by probable cause. The metropolitan court consolidated the hearing on the motion to suppress and the scheduled bench trial. At trial, the court determined that the initial detention of Defendant was not a de facto arrest but rather a constitutional stop supported by reasonable suspicion. The court then heard the remainder of Officer Fulton's testimony. In closing, defense counsel moved to suppress the evidence obtained as a result of Defendant's arrest, arguing that Officer Fulton lacked probable cause to make the arrest. The court granted the motion to suppress and dismissed the case with prejudice, concluding that the facts known to Officer Fulton were insufficient to establish probable cause to arrest because the errors made during the course of the investigation rendered the results of the corresponding SFSTs inconclusive. The State appeals.

## DISCUSSION

**{7}** We review the metropolitan court's order as a mixed question of law and fact. *See State v. Martinez*, 2018-NMSC-007, ¶ 8, 410 P.3d 186 (stating that the standard of review for a grant of a motion to suppress is a mixed question of law and fact); *see also State v. Granillo-Macias*, 2008-NMCA-021, ¶ 7, 143 N.M. 455, 176 P.3d 1187 (stating that the review of whether probable cause exists is a mixed question of law and fact). Given that the facts in this case are not in dispute, the only task before us is to make a de novo determination of whether the trial court erred in applying the relevant law to the facts it found. *Martinez*, 2018-NMSC-007, ¶ 8 (stating that we review "the application of the law to those facts (found by the district court), making a de novo determination of the constitutional reasonableness of the search or seizure in question"); *see also Granillo-Macias*, 2008-NMCA-021, ¶ 7 (stating that we review the legal conclusion of whether the facts meet the threshold of probable cause de novo).

**{8}** Probable cause to arrest exists when an officer of reasonable caution, in light of all the facts and circumstances known to them, would believe that an offense is being committed or has been committed. *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446. In the context of a DWI investigation, "an officer does not have to observe a suspect actually driving in an impaired manner if the officer, based upon all the facts and circumstances, has reasonable grounds to believe that the driver had been driving while intoxicated." *Granillo-Macias*, 2008-NMCA-021, ¶ 9. Moreover, although a finding of probable cause requires more than suspicion, less than certainty is sufficient and no one set of circumstances is required for such a finding. *Id.*

**{9}** The State argues on appeal that the metropolitan court erred in granting Defendant's suppression motion because the totality of the facts known to Officer Fulton leading to his arrest of Defendant were sufficient to establish probable cause despite the mistakes he made in administering SFSTs. In response, Defendant argues that

suppression was appropriate because the metropolitan court was correct in finding that Officer Fulton's errors in administering the SFSTs and Defendant's medical conditions rendered the results of the tests inconclusive. Thus, Officer Fulton was left with insufficient facts to establish probable cause to arrest Defendant for DWI. We conclude that, based on all the facts and circumstances known to Officer Fulton at the time of the arrest, he had reasonable grounds to believe Defendant was driving while intoxicated.

**{10}** Officer Fulton was flagged down by a citizen witness who told him that Defendant was asleep behind the steering wheel of his truck, which was obstructing traffic on a busy street near an intersection. The witness informed Officer Fulton that Defendant smelled of alcohol and that, out of concern, the witness had removed the keys from the ignition.

**{11}** Officer Fulton then observed Defendant demonstrate other indicators of intoxication including his unbalanced gait, bloodshot watery eyes, and slurred speech. Further, Officer Fulton smelled alcohol coming from Defendant who admitted to consuming an alcoholic beverage. Collectively, these facts alone are sufficient to support Officer Fulton's determination that he had probable cause to arrest Defendant. Moreover, although the errors committed by Officer Fulton during the administration of the SFSTs and Defendant's medical conditions rendered the walk-and-turn test and the one-legged stand test inconclusive, they did not negate the other indications of Defendant's intoxication known to Officer Fulton at the time of the arrest. *See State v. Ruiz*, 1995-NMCA-098, ¶¶ 4, 24, 120 N.M. 534, 903 P.2d 845 (concluding there was probable cause based on speeding and weaving, bloodshot watery eyes, slurred speech, the smell of alcohol, the defendant's admission to drinking, and mixed results from field sobriety tests; *see also State v. Soto*, 2007-NMCA-077, ¶¶ 32-34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to affirm a conviction for DWI, notwithstanding the officer's failure to conduct field sobriety tests, based on the officers observations that Defendant had bloodshot watery eyes, slurred speech, a strong odor of alcohol on his breath, and the fact he admitted to drinking). Thus, we reverse the metropolitan court's decision that Officer Fulton did not have probable cause to arrest Defendant for DWI.

**CONCLUSION**

**{12}** We reverse and remand for further proceedings.

**{13} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**