This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                              **NO. 34,475**

**KRISTEN A. MCCARTHY,**

     Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals her conviction for DWI per se and a vehicle registration violation entered by the metropolitan court following a bench trial and subsequently affirmed by the district court following an on-record appeal. [RP 77, 78, 121, 131] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

{2}     Defendant continues to argue that the officer lacked probable cause to arrest her for DWI. [DS 25-26; MIO 5] *See generally State v. Granillo-Macias*, 2008-NMCA-021, ¶¶ 7, 9, 143 N.M. 455, 176 P.3d 1187 (setting forth our standard of review and providing that probable cause to arrest exists "when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed"). As provided in our notice, we conclude that probable cause to arrest Defendant was established by the officer's testimony that he observed that Defendant had bloodshot watery eyes and an odor of alcohol and that Defendant was unable to follow instructions and maintain balance during field sobriety tests. [RP 128-129] We acknowledge Defendant's view that Officer Hunt necessarily lacked probable cause to arrest because the metropolitan court found that Defendant was DWI per se, rather than impaired to the slightest degree, in light of the lack of evidence of bad driving and display of "minimal clues on the SFSTs." [MIO 15; RP 128-29] However, as pointed out in the district court's memorandum opinion

2

[RP129], an officer may have probable cause to arrest even if the State is ultimately unable to establish a crime beyond a reasonable doubt. *See, e.g.*, *Granillo-Macias*, 2008-NMCA-021, ¶ 9 ("We judge reasonableness by an objective standard, mindful that probable cause requires more than a suspicion, but less than a certainty."(internal quotation marks and citation omitted)); *see also State v. Johnson*, 1996-NMCA-117, ¶ 11, 122 N.M. 713, 930 P.2d 1165 ("In a criminal case, an officer needs only probable cause to arrest. The officer does not, at the time of arrest, need information that would prove a crime was committed 'beyond a reasonable doubt.'").

{3}    Defendant also continues to argue that her breath test was improperly admitted because Officer Hunt failed to satisfy the requisite twenty-minute deprivation period. [DS 26; MIO 26] *See* 7.33.2.15(B)(2) NMAC (stating that a breath test shall not be administered unless the operator "has ascertained that the subject has not had anything to eat, drink or smoke for at least [twenty] minutes prior to collection of the first breath sample"). Specifically, Defendant argues that the officer should have started a new twenty-minute deprivation period because Defendant burped halfway through the twenty-minute period [DS 23; MIO 17, 18] and thereby potentially contaminated her mouth with alcohol from her stomach. [MIO 17] As a consequence, Defendant argues, her breath results of .11 and .11 were unreliable and the evidence effectively insufficient to show that her breath test was .08 or higher. [MIO 17, 18; DS 26]

{4}     As observed by the district court [RP 130], Defendant offered no evidence to establish the effect of a "slight" burp on her provided breath sample, and the metropolitan court was nonetheless entitled to weigh the evidence to assess that the breath results were reliable. *See generally State v. House*, 1999-NMSC-014, ¶ 33, 127 N.M. 151, 978 P.2d 967 (recognizing that it is the role of the trial court, and not the appellate court, to weigh the evidence). [RP 130] Moreover, as we emphasized in our notice, the applicable SLD regulation does not require the State to prove that Defendant did not burp during the twenty-minute deprivation period. *See* 7.33.2.15(B)(2) NMAC; *see also State v. Willie*, 2008-NMCA-030, ¶ 17, 143 N.M. 615, 179 P.3d 1223 (rejecting a similar argument on the basis that, while a since-repealed regulation included this requirement, the current regulation does not)*, rev'd on other grounds*, 2009-NMSC-037, 146 N.M. 481, 212 P.3d 369. While Defendant urges us to rely on out-of-state case law that recognizes the accuracy-ensuring importance of a deprivation period without burping [MIO 17], we decline to do so and instead rely on the plain language of the applicable regulation and our case law in which Defendant's argument finds no support.

{5}     For the reasons discussed above and in our notice, we affirm.

{6}     **IT IS SO ORDERED.**

_____

4

                                   **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**