This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                        **No. 35,055**

**AMANDA PEREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant Amanda Perez appeals from the district court's affirmance of her conviction for driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102 (2010), and for failure to maintain a traffic lane. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2}     Defendant has raised three issues on appeal, asserting (1) that the officer lacked probable cause to arrest her for DWI, (2) that the State failed to lay an adequate foundation for admission of the breath alcohol test results, and (3) that there was insufficient evidence to support her conviction. [DS 10-12] In this Court's notice, we indicated that the district court's memorandum opinion, which addressed the same issues raised in this appeal, throughly detailed the relevant facts and correctly set forth the applicable standards of review and relevant law. Perceiving no error, we proposed to adopt portions of the district court's opinion. Persuaded that the district court's opinion was correct, we directed Defendant to demonstrate why the district court's opinion and our reliance on it was incorrect if she wanted this Court to reach conclusions that differed from those reached by the district court. With respect to Defendant's second issue, which relates to the admission of the breath alcohol test results, we proposed to supplement the district court's analysis and reject Defendant's

argument based on recent controlling authority. *See State v. Hobbs*, 2016-NMCA-022, 366 P.3d 304, *cert. denied*, 2016-NMCERT-002, ___ P.3d ___.

**{3}** In response to our notice, relevant to her first issue, relying on *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72, Defendant argues that there was a lack of probable cause to arrest her for DWI because her performance on the field sobriety tests (FSTs) did not lead to a reasonable inference that she was impaired by alcohol, because "evidence equally consistent with two hypotheses tends to prove neither." [MIO 2] (Internal quotation marks and citation omitted.) In other words, Defendant argues that her performance on the FSTs was caused by factors unrelated to alcohol consumption. [MIO 2] We are not persuaded. In addition to Defendant's performance on the FSTs, the officer had ample information that supported his belief that Defendant was driving under the influence of alcohol. Specifically, as Defendant points out, she was speeding, failed to maintain her lane of traffic, there was an odor of alcohol present, and she admitted to drinking. [MIO 1-2] *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that "the smell of alcohol emanating from [the d]efendant, [the d]efendant's lack of balance at the vehicle, and the manner of [the d]efendant's performance of the FSTs constituted sufficient circumstances to give the officer the requisite objectively reasonable belief that [the d]efendant had been driving while intoxicated and to proceed with [breath

alcohol] tests, and thus constituted probable cause to arrest [him]"); *cf. State v. Chandler*, 1995-NMCA-033, ¶ 15, 119 N.M. 727, 895 P.2d 249 (stating that when a criminal defendant urges the equal-hypotheses argument, the appellate court's answer is that "the jury, by its verdict, has necessarily found the hypothesis of guilt more reasonable than any of the theories of innocence advanced by the defendant").

{4}     With respect to Defendant's second issue, Defendant concedes that *Hobbs* is dispositive but argues that it was wrongly decided. [MIO 3-6] At this time, we decline to revisit our decision in *Hobbs*.

{5}     Finally, Defendant argues in a single paragraph that there was insufficient evidence to support her conviction for DWI per se given that her breath test results were a .09, when the officer testified that the results can vary up to .02 points. [MIO 6] This assertion was fully addressed by the district court's opinion [RP 79-80], which we proposed to adopt, and Defendant has not presented any authority or argument that convinces this Court that our proposed disposition was incorrect. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Accordingly, for the reasons set forth in the district court's opinion, in our notice of proposed summary disposition, and in this Opinion, we affirm.

{6}     **IT IS SO ORDERED.**

4

_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**


_____

**M. MONICA ZAMORA, Judge**