IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                    NO. 35,506

BRIAN PATTERSON,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Benjamin Chavez, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Office of Ramsey & Hoon, LLC
Twila A. Hoon
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his conviction for aggravated driving while intoxicated and failure to stop at a stop sign. We issued a Notice of Proposed Summary Disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered. Because we remain unpersuaded that our

initial proposed disposition was incorrect, we affirm.

**DISCUSSION**

{2}    In our notice of proposed summary disposition, we noted that the district court had entered a detailed memorandum opinion properly analyzing and deciding these issues, and we proposed to adopt the district court's analysis. We informed Defendant that, should he believe this Court should decide the issues differently than the district court did, he should demonstrate why the district court's analysis of the issues and this Court's reliance on it is incorrect. In his memorandum in opposition, Defendant continues to argue that he received ineffective assistance of counsel in this matter. [MIO 2-4] Defendant asserts that his counsel failed to meet and consult with him, failed to provide discovery, failed to raise the issue of the arresting officer's misconduct, and failed to preserve evidence. [MIO 3] Defendant also continues to state that his counsel did not effectively communicate with him before trial, that there is no plausible or rational strategy to explain counsel's failure to meet with Defendant, and that he was prejudiced by this failure because the factual knowledge he possessed would have called into question the weight of the officer's testimony. [MIO 3-5]

{3}    However, we continue to agree with the district court's determination that these assertions do not establish a prima facie case of ineffective assistance of counsel because Defendant has not demonstrated prejudice by showing that the results of the

proceedings would have been different but for the alleged errors of trial counsel. [RP 299] *See State v. Guerra*, 2012-NMSC-027, ¶ 23, 284 P.3d 1076 (stating that, on a claim of ineffective assistance of counsel, it is insufficient to show generalized prejudice, and "[a] defendant must show a reasonable probability that[] but for counsel's . . . errors[] the result of the proceeding would have been different"); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (stating that "[a]n assertion of prejudice is not a showing of prejudice").

**{4}** Additionally, we reject Defendant's argument that the district court's analysis failed to explore the importance of Defendant's first hand knowledge and the impact of the lack of communication with trial counsel. [MIO 4] Although Defendant claims that he possessed relevant knowledge that would have called into question the State's evidence, that assertion is not supported by the record before us. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus."). "Absent a prima facie case of ineffective assistance of counsel, [the d]efendant's remedy is through habeas proceedings." *State v. Hobbs*, 2016-NMCA-006, ¶ 23, 363 P.3d 1259; *see also State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22 ("When the record on appeal does not establish a prima

3

facie case of ineffective assistance of counsel, this Court has expressed its preference for resolution of the issue in habeas corpus proceedings over remand for an evidentiary hearing.").

{5}     Defendant next argues that the district court erred in denying his motion to suppress because the arresting officer lacked reasonable suspicion and because he was subjected to a pretextual traffic stop. [MIO 4-6] However, Officer Block's testimony that he observed Defendant drive through an intersection without stopping at the stop sign was sufficient to establish reasonable suspicion of a violation pursuant to NMSA 1978, Section 66-7-345(D) (2003); *see* Section 66-7-345(C) (stating that "every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway before entering the intersection."). [RP 9] We therefore, reject Defendant's argument that the stop was not supported by reasonable suspicion.

{6}     Defendant also continues to assert that the actual reason for the traffic stop was pretextual. [MIO 6] However, we agree with the district court and adopt its analysis of this issue and its conclusion that Defendant failed to show under the totality of the circumstances that Officer Block stopped Defendant under a pretext. RP 304-306] *See State v. Ochoa*, 2009-NMCA-002, ¶ 40, 146 N.M. 32, 206 P.3d 143 (holding that,

4

where reasonable suspicion exists to support a stop, to establish that the stop was pretextual the defendant has the burden to show that, under the totality of the circumstances, there was an unrelated motive for the stop that was not supported by reasonable suspicion).

**{7}** Defendant also argues that police lacked probable cause to arrest him. [MIO 7-8] However, we agree with the district court's determination that probable cause to arrest Defendant for DWI was established by the officer's testimony that Defendant ran a stop sign, failed to satisfactorily perform on FSTs, had bloodshot and watery eyes, and had an odor of alcohol emanating from his facial area. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that "the smell of alcohol emanating from [the d]efendant, [his] lack of balance at the vehicle, and the manner of his performance of the FSTs . . . constituted probable cause to arrest [the d]efendant [for DWI]").

**{8}** Defendant next argues that the evidence was insufficient to support his conviction for aggravated DWI. [MIO 8-9] *See* NMSA 1978, § 66-8-102(D)(3) (2016) (defining aggravated DWI as "refusing to submit to chemical testing, as provided for in the Implied Consent Act [NMSA 1978, Sections 66-8-105 through 66-8-112 (1978, as amended 2015)], and in the judgment of the court, based upon evidence of intoxication presented to the court, the driver was under the influence of intoxicating

5

liquor or drugs"). We continue to agree, however, with the district court's assessment that evidence of Defendant's refusal to submit to chemical testing combined with evidence that Defendant ran a stop sign, failed to completely or satisfactorily complete the FSTs, had bloodshot and watery eyes, and he had an odor of alcohol was sufficient to support his conviction for DWI. [RP 308-310] *See State v. Marquez*, 2009-NMSC-055, ¶ 16, 147 N.M. 386, 223 P.3d 931 (holding that sufficient evidence existed to support the defendant's conviction for DWI based on the defendant's bloodshot watery eyes, smelling of alcohol, dangerous driving, poor performance of FSTs, lack of ability to balance, and his refusal to submit to chemical testing, which allows an inference of consciousness of guilt ), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{9} Finally, Defendant argues that the trial court judge erred in denying his motion that she recuse herself. [MIO 9-10] We affirm. We adopt the district court's analysis of this issue, and we reject Defendant's argument that the trial judge abused her discretion in refusing to recuse herself from this case. [RP 296] *See State ex rel. Children, Youth & Families Dep't v. Candice Y.*, 2000-NMCA-035, ¶ 21, 128 N.M. 813, 999 P.2d 1045 (refusing to consider the argument that a judge should have recused himself because no evidence supporting recusal was on the record); *see also State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 ("Personal bias

cannot be inferred from an adverse ruling or the enforcement of the rules of criminal procedure.").

{10}     For these reasons, we affirm the metropolitan court's sentencing order.

{11}     **IT IS SO ORDERED.**

                           _____

                           **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**HENRY M. BOHNHOFF, Judge**