This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      NO. A-1-CA-36306

**IRITA GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant Irita Gonzales appeals from the district court's on-record review and affirmance of the metropolitan court's denial of Defendant's motion to suppress

Officer Miller's testimony and her conviction for driving while under the influence of intoxicating liquor or drugs (DWI), following a bench trial in metropolitan court. This Court issued a calendar notice proposing to adopt the district court's memorandum opinion with one point of clarification. Specifically, we noted that the district court had relied on *State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25, in affirming the trial court's decision, and that the New Mexico Supreme Court had subsequently clarified *Harper*'s holding in *State v. Le Mier*, 2017-NMSC-017, ¶¶ 15-22, 394 P.3d 959. We proposed, however, that since *Le Mier* still required a consideration of the factors identified in *Harper*, affirmance was still proper.

{2}    Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition. In her memorandum in opposition, Defendant argues that *Le Mier* requires reversal of the trial court's denial of her motion to suppress, by analogizing to factual similarities between her case and *Le Mier*. However, what Defendant fails to recognize is one important distinction—specifically, that the trial court in *Le Mier* granted the defendant's request for sanctions, while the trial court in this case has denied Defendant's request. Thus, because *Le Mier* informs this Court that, as an appellate court, we are to give deference to the discovery sanctions a trial court imposes, and because Defendant has not demonstrated that the trial court abused its discretion, summary affirmance of the trial court's suppression ruling is proper.

**{3}** To the extent Defendant continues to challenge the sufficiency of the evidence supporting her conviction for driving under the influence, we are equally unpersuaded. Defendant contends that, "when only considering Officer Miller's testimony of an odor or alcohol, no admission of drinking, and her performance on [field sobriety tests (FSTs)], there was no evidence of impaired driving presented by the State." [MIO 9] Defendant further argues that "[n]othing in Officer Miller's testimony, nor the tangible evidence presented at trial, demonstrates that Defendant . . . was less able to operate a motor vehicle mentally, physically, or both. In the State's most favorable evidence, Defendant . . . approached a roadblock, was investigated for DWI, smelled like alcohol, performed poorly on FSTs . . . , was compliant, and was placed under arrest for . . . DWI." [Id.]

**{4}** We note, however, that "[a]n officer does not have to observe a suspect actually driving in an impaired manner if the officer, based upon all the facts and circumstances has reasonable grounds to believe that [the d]efendant had been driving while intoxicated." *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (internal quotation marks and citation omitted). Moreover, we have previously held that "the smell of alcohol emanating from [the d]efendant, [the d]efendant's lack of balance at the vehicle, and the manner of [the d]efendant's performance on the FSTs constituted sufficient circumstances to give the officer the requisite objectively reasonable belief that [the d]efendant had been driving while intoxicated." *State v.*

*Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187. Here, the trial court found that Defendant "moved her head—contrary to instructions—during the [horizontal gaze nystagmus], turned incorrectly on the walk-and-turn, put her foot down during the one-leg-stand, and her performance on the countdown test was 'really bad.' " [RP 138] In addition, the trial court found that Defendant smelled of alcohol and had been drinking, despite her denial, and the officer testified that Defendant's eyes were bloodshot and watery. [Id.] Thus, viewing this evidence in the light most favorable to the trial court's ruling, we conclude there was sufficient evidence to support Defendant's conviction.

{5}    Accordingly, for the reasons discussed above, in this Court's notice of proposed disposition, and in the district court's memorandum opinion, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**EMIL J. KIEHNE, Judge**