This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41498**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CASEY RAPONE,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Renee Torres, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals her conviction for driving while under the influence of alcohol (DUI). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In the memorandum in opposition, Defendant maintains that (1) the sergeant impermissibly expanded the scope of the traffic stop and (2) the evidence was insufficient to support her conviction for DUI. [MIO 1] Defendant has failed, however, to

assert any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous on either point. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to the analysis contained therein as to these issues.

**{3}** Defendant also maintains that her arrest for DUI was not supported by probable cause. [MIO 1, 9] Defendant argues that there was no probable cause to arrest her because the arresting sergeant testified that Defendant did not demonstrate any of the "exit clues" listed in the National Highway Traffic Safety Administration (NHTSA) DWI Manual. [MIO 11] Accordingly, Defendant asserts that there is no conflict in the testimony as suggested by our notice of proposed disposition, and this Court should accept this uncontradicted testimony to conclude that the arrest was improper. [MIO 12] While we agree that it appears that the sergeant did in fact testify that Defendant did not demonstrate any of the "exit clues" contained in the NHTSA DWI manual, Defendant fails to explain why this fact alone warrants reversal of the district court's careful consideration of the evidence supporting the probable cause for arrest. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187 ("An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed."); *see also State v. Williamson*, 2009-NMSC-039, ¶ 31, 146 N.M. 488, 212 P.3d 376 (explaining that the appellate courts "look to the totality of the circumstances to determine if probable cause is present" (internal quotation marks and citation omitted)); cf. State v. Neal, 2007-NMSC-043, ¶ 28, 142 N.M. 176, 164 P.3d 57 (rejecting a "divide-and-conquer analysis in which we view each individual factor or circumstance in a vacuum" when assessing reasonable suspicion (internal quotation marks and citation omitted)).

**{4}** Our notice of proposed disposition noted that the arresting sergeant testified that Defendant performed poorly on the field sobriety tests. [CN 4] Defendant's memorandum in opposition indicates that testimony was presented at the suppression hearing that Defendant: "moved her head after being instructed not to" during the HGN; exhibited four out of eight possible clues of impairment during the walk-and-turn test; and exhibited two out of four clues of impairment on the one-leg-stand test. [MIO 3] In addition, testimony was presented that Defendant had bloodshot, watery eyes, smelled strongly of alcohol, and had slurred speech. [MIO 3] Finally, evidence was presented that Defendant admitted to drinking one alcoholic beverage before driving. [MIO 8] After considering the totality of all this evidence, we conclude that the district court properly concluded that there was probable cause to arrest Defendant on suspicion of DUI. *See Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's

bloodshot, watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests).

**{5}**      Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{6}      IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**